# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

LAWRENCE HUGHES AND DEIDRA HUGHES

VERSUS

HENRY JENKINS, JR., REPLACEMENT PARTS INC., ZURICH AMERICAN INSURANCE CO., AND LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

**MAY 17, 2024**

---

In Re:   The State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, and Trooper Austin B. Douglas, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 704108.

---

**BEFORE:   McCLENDON, WELCH, THERIOT, HESTER, AND MILLER, JJ.**

**STAY LIFTED; WRIT GRANTED.**  The trial court's December 19, 2023 judgment denying the motion for summary judgment filed by defendants, State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, and Trooper Austin Douglas (collectively "DPS defendants"), is reversed. Plaintiffs, Lawrence Hughes and Deidra Hughes, allege Trooper Douglas was negligent in directing traffic through an intersection when Lawrence Hughes was in a utility bucket repairing a traffic light signal.  Plaintiffs allege Lawrence Hughes suffered personal injuries when the utility bucket he was riding in was struck by the driver of a tractor trailer, who was directed through the intersection by Trooper Douglas.  In their motion for summary judgment, DPS defendants argued that Trooper Douglas did not have a duty to monitor the height of the utility bucket containing Lawrence Hughes.  A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty.  **Posecai v. Wal-Mart Stores, Inc.**, 99-1222 (La. 11/30/99), 752 So.2d 762, 766.  Whether a duty is owed is a question of law.  **Id.**  In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. **Id.**  DPS defendants provided evidence to establish that on March 11, 2020, Trooper Douglas and another police officer, Sergeant Freddie D. Blair, were performing traffic detail as requested by Lawrence Hughes' employer, Diamond Electrical Company, Inc. ("DECO").  Trooper Douglas and Sgt. Blair were instructed by DECO personnel to direct traffic through a busy intersection because DECO needed to turn off the traffic signals at the intersection.  Trooper Douglas and Sgt. Blair directed traffic for approximately three hours without incident.  Trooper Douglas, Sgt. Blair, and Jake Laborde, a DECO employee who was present during the traffic light repairs, stated in their respective depositions that other tractor trailer trucks had travelled through the intersection prior to Lawrence Hughes' accident without issue.  Lawrence Hughes testified in his deposition that a DECO employee was supposed to act as a spotter for Hughes and alert him if a tall truck was coming, but at the time of the accident he did not

have a spotter. Trooper Douglas was not informed by any DECO employee that Lawrence Hughes had lowered his utility bucket and Trooper Douglas stated that he was too busy directing traffic to monitor DECO employees. We find the unique facts and circumstances of this case do not warrant imposition of a duty on Trooper Douglas to monitor the height of Lawrence Hughes' utility bucket. Additionally, although a law enforcement officer has an affirmative duty to see that motorists are not subjected to unreasonable risks of harm, **Syrie v. Schilhab**, 96-1027 (La. 5/20/97), 693 So.2d 1173, 1177, plaintiffs failed to set forth sufficient summary judgment evidence to demonstrate that Trooper Douglas was aware of an unreasonable risk of harm. Accordingly, DPS defendants' motion for summary judgment is granted, and all claims asserted by plaintiffs, Lawrence Hughes and Deidra Hughes, against the defendants, State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, and Trooper Austin Douglas, are dismissed with prejudice.

**PMc**
**CHH**

**Theriot, J.**, concurs.

**Welch and Miller, JJ.**, concur in part and dissent in part. We concur with lifting the stay, but would deny the writ. The legislature has given law enforcement officers the exclusive power to regulate traffic and the public has a corresponding obligation to follow traffic regulations. Law enforcement officers are duty bound to exercise this power reasonably to protect life and limb and to refrain from causing injury or harm. **Blair v. Tynes**, 621 So.2d 591, 596 (La. 1993). When a law enforcement officer becomes aware of a dangerous traffic situation, he has the affirmative duty to see that motorists are not subjected to unreasonable risks of harm. **Syrie v. Schilhab**, 96-1027 (La. 5/20/97), 693 So.2d 1173, 1177. We find Trooper Douglas, who was hired to direct traffic at the intersection where the accident occurred, owed a duty to the plaintiff, Lawrence Hughes, to reasonably direct traffic to prevent injury to Hughes. In our opinion, the question of whether Trooper Douglas should have been aware of the height of Hughes' bucket before directing the tractor trailer through the intersection is a question of breach of a duty, which should be decided by the trier of fact.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT